ROGERS, Circuit Judge,
concurring in the judgment:
I write to emphasize the limits of the court’s holding that the district court did not abuse its discretion in denying a mid-trial continuance to await Officer Adams’s testimony and in denying admission of the Miranda rights card into evidence.
As appellant presents his appeal, he posits a tension between his fundamental right to present a defense and the district court’s discretion to control its calendar and to determine whether evidence is relevant. That tension is not dispositive here.
The Supreme Court explained in Washington v. Texas that:
[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts as well as the prosecution’s to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.
388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); see In re Oliver, 333 U.S. 257, 273-74, 68 S.Ct. 499, 92 L.Ed. 682 (1948). At the same time, the district court enjoys broad discretion regarding the manner in which a trial shall proceed. See, e.g., United States v. Gantt, 140 F.3d 249, 256 (D.C.Cir.1998); Kickapoo Tribe v. Babbitt, 43 F.3d 1491, 1497 (D.C.Cir.1995) (citing Maurice Rosenberg, Judicial Discretion of the Trial Court, Viewed From Above, 22 Syracuse L.Rev. 635 (1971)). This court’s review of the district court’s determination whether evidence is relevant is confined to assessing whether there was an abuse of discretion, see United States v. Earle, 375 F.3d 1159, 1162 (D.C.Cir.2004), as is review of the district court’s denial of continuance of a trial, United States v. Poston, 902 F.2d 90, 96 (D.C.Cir.1990).
Given appellant’s theory of defense, it was within the district court’s discretion to conclude that neither the officer’s testimony nor the rights card were irrelevant and that each piece of evidence could have bolstered appellant’s denial of making an on-the-scene confession. Had appellant been allowed to proceed as he requested, Officer Adams would have testified, according to defense counsel’s proffer, that appellant denied making an on-the-scene confession. Appellant then could have argued to the jury that his action in not signing the rights card was consistent with his denial.
On the other hand, as regards Officer Adams, appellant cannot show an abuse of discretion in the refusal to delay trial based on a request made on the second day of a three-day trial, given defense *1022 counsel’s patent lack of diligence, including failing to alert the district court of the need for the officer’s testimony in advance of trial. Even were defense counsel’s lack of diligence insufficient to support the denial of the continuance, which it is not, see Natvig v. United States, 236 F.2d 694, 698 (D.C.Cir.1956), the record shows appellant was not deprived of the opportunity to present his defense by other means. Given the relatively minimal probative value of Officer Adams’s proposed testimony, its exclusion, assuming error, was not prejudicial, id. Similarly, as to the rights card, appellant cannot show an abuse of discretion in the denial of its admission given “the narrow purpose the evidence would have served,” United States v. Bailey, 319 F.3d 514, 519 (D.C.Cir.2003). Appellant had the opportunity to cross examine the officers regarding the on-the-scene confession he denied making, and given the card’s minimal probative value for purposes of supporting that denial, appellant cannot show, assuming error, prejudicial error. See id. Any error was harmless under either a constitutional or non-constitutional standard. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).
So understood, appellant cannot show the district court abused its direction much less that, assuming error, he was prejudiced. Consequently, this case presents no occasion for the court to speculate on how a jury would, in fact, have viewed the proffered evidence, Op. at 1018-19, 1020-21, or to impose a burden on defense counsel to seek a statement of reasons from the district court for its decision to exclude the evidence, Op. at 1019. Such a burden is unsupported by the cited precedent regarding “mere general objection[s],” Op. at 1019 (quoting MoCoRMiCK on Evidence 260 (6th ed.2006)), as counsel here stated reasons for seeking admission of the evidence.